**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | |
|---|---|
| **LETTY RIOS,** | ) |
| **XOCHITL SALINAS, and** | ) |
| **RUBEN CONTRERAS** | ) |
|     **Plaintiffs,** | ) |
| | ) |
| **v.** | ) |
| | )   **Civil Action No. EP-20-CV-37-PRM** |
| **CORECIVIC, INC. , AND** | ) |
| **HECTOR MELCHOR AND** | ) |
| **ROBERT RODRIGUEZ** | ) |
| | ) |
|     **Defendants.** | ) |

---

## PLAINTIFFS' AMENDED COMPLAINT

---

TO THE HONORABLE JUDGE OF THIS COURT:

    COME NOW, **LETTY RIOS, XOCHITL SALINAS, and RUBEN CONTRERAS,**

**PLAINTIFFS,** and file this PLAINTIFFS' AMENDED COMPLAINT, and for cause of action

would show the Court as follows:

### I. PARTIES

1. **PLAINTIFF LETTY RIOS** is a Texas citizen and resident of El Paso County, Texas.

2. **PLAINTIFF XOCHITL SALINAS** is a Texas citizen and resident of El Paso County, Texas.

3. **PLAINTIFF RUBEN CONTRERAS** is a Texas citizen and resident of El Paso, County, Texas.

4. Defendant CORECIVIC INC. is a private corporation and a quasi-governmental entity

organized or engaging in a business activity by having operations in and under the laws of the

State of Texas.

5. Defendant HECTOR MELCHOR is a Texas citizen and resident of El Paso County, Texas.

6. Defendant ROBERT RODRIGUEZ is a Texas citizen and resident of El Paso County, Texas.

## II. **JURISDICTION AND VENUE**

4. This Court has jurisdiction over this action pursuant to the claims of Defendant although PLAINTIFFS argue that this case should remain in the State court.

5. Venue is proper in this district pursuant to 28 U.S.C. ss. 1391 because: (1) at least one of the defendants resides in the judicial district; and/or (2) a substantial part of the events or omissions giving rise to these claims occurred in this judicial district.

## III. **FACTS**

6.    **LETTY RIOS, XOCHITL SALINAS, and RUBEN CONTRERAS PLAINTIFFS** (PLAINTIFFS) were at all relevant times employees of CORECIVIC. **LETTY RIOS, XOCHITL SALINAS, and RUBEN CONTRERAS PLAINTIFFS** were employed as security officers. CORECIVIC runs a secured detention facility that is under a contract with the State of Texas. All three Plaintiffs witnessed illegal activity included but not limited to tampering with a corpse, which is a felony in Texas. When they complained they were threatened with their jobs and eventually terminated.

7.    **LETTY RIOS, XOCHITL SALINAS, and RUBEN CONTRERAS PLAINTIFFS** witnessed several irregularities being performed by CORECIVIC and its supervisory employees. Those activities included but are not limited to sexual harassment against his supervisor PLAINTIFF LETTY RIOS, tampering with governmental records, filing and modifying official records, failing to provide adequate resources for employees and allowing illegal contraband to be admitted to a secured facility. **LETTY RIOS, XOCHITL SALINAS, and RUBEN**

**CONTRERAS PLAINTIFFS** reported the activity and complained. CORECIVIC terminated PLAINTIFFS in retaliation for reporting the violations and Sexual Harassment claims.

8.    **XOCHITL SALINAS** filed a complaint for gender discrimination since a supervisor employee by the name of Rodriguez kept harassing SALINAS sexually telling her that the owner and him wanted to date her and that there would be work benefits as a result. SALINAS further reported it when she saw that he was doing the same thing to PLAINTIFF LETTY RIOS. There were witnesses that corroborated the incidents and the sexual harassment. Despite this, CORECIVIC allowed Robert Rodriguez to continue to be a direct supervisor thereby creating a hostile work environment. CORECIVIC then retaliated and looked for the first opportunity to terminate.

9.    **LETTY RIOS** also complained regarding several violations committed by CORECIVIC supervisors that included falsifying incident reports, falsifying and alteration of inmate incidents/injuries and fights, tampering with official records and committing sexual harassment and gender discrimination. LETTY RIOS reported that her supervisor Robert Rodriguez acted inappropriately and sexually harassed her. He was allowed to stay as her supervisor despite eyewitnesses that confirmed her statements. As a result CORECIVIC again retaliated against RIOS by making up facts and wrongfully terminating her position.

10.    CORECIVIC retaliated against the complaints and reports of violations by fabricating a false report that PLAINTIFFS had used force against an inmate and then wrongfully terminated PLAINTIFFS. PLAINTIFFS allege that on or about April 4, 2019 inmate Ricardo Lara assaulted RUBEN CONTRERAS and his fellow officer XOCHITL SALINAS after absconding earlier that day. PLAINTIFFS were attempting to enforce policy by preventing the inmate from entering the

secured facility with bags that the inmate refused to surrender for inspection. The inmate then assaulted **RUBEN CONTRERAS** and **XOCHITL SALINAS.**

11.    CORECIVIC immediately changed the narrative to accuse **LETTY RIOS, XOCHITL SALINAS, and RUBEN CONTRERAS PLAINTIFFS** in order to fully retaliate against and terminate them. **LETTY RIOS, XOCHITL SALINAS, and RUBEN CONTRERAS PLAINTIFFS** challenged the allegations and requested a review of the video of the incident. CORECIVIC refused to provide or review the video despite the fact that it is a secured facility. The inmate was arrested for assaulting two of the PLAINTIFFS and was charged with a double count of ASSAULT ON A PUBLIC SERVANT in cause number 20190D02146. Despite the arrest CORECIVIC continues to refuse to provide the video or re-hire **LETTY RIOS, XOCHITL SALINAS, and RUBEN CONTRERAS PLAINTIFFS**. CORECIVIC has made false statements regarding the incident that are contrary to the evidence as shown on the video. CORECIVIC has acted in violation of the Texas Labor Code and the Whistleblowers Act.

12.    **LETTY RIOS, XOCHITL SALINAS, and RUBEN CONTRERAS PLAINTIFFS** continue to attempt to obtain employment but as a result of the acts of CORECIVIC are unable to due so and have along with their families suffered financial hardship.

13.    **PLAINTIFFS** filed a complaint with the EEOC and were duly provided with a letter of Right to Sue.

14.    **PLAINTIFFS** also filed a criminal complaint with a Criminal Investigatory Agency. That agency instructed PLAINTIFFS to keep that report confidential and not disclose the agency or the agent.

## CAUSES OF ACTION

15.     All conditions precedent to Plaintiffs' recovery have occurred or have been waived, excused, or otherwise satisfied. All notices have been provided, waived, excused, or otherwise satisfied.

16.     Plaintiffs repeat and incorporate the allegation contained in paragraphs 1-12 herein for all purposes, including in support of each cause of action asserted.

17.     **PLAINTIFFS allege that CORECIVIC tampered with official records and evidence in order to not have to report it to the STATE OF TEXAS and risk being penalized, suspended or losing their contract.**

### Count 1: WRONGFUL TERMINATION

At one point in the Consolidated Complaint, PLAINTIFFS allege that CORECIVIC "wrongfully discharged them in violation of the Texas only recognized exception to the employment-at-will doctrine. See White, 319 F.3d at 676-77 (citing Sabine Pilot, 687 S.W.2d 733). Under Texas common law, employment for an indefinite term may be terminated at-will and without cause, unless the termination falls within one narrow exception to the employment-at-will doctrine. Id. (citing Sabine Pilot, 687 S.W.2d 733 (Tex. 1985)). This exception, referred to as the Sabine Pilot exception, prohibits the termination of an employee if the termination is based solely on the employee's refusal to perform an illegal act. Id. "In order to establish a prima facie case of wrongful termination under Sabine Pilot, the plaintiff must prove that: (1) [he] was required to commit an illegal act which carries criminal penalties; (2) [he] refused to engage in the illegality; (3) [he] was discharged; and (4) the sole reason for [his] discharge was [his] refusal to commit [the] unlawful act." Id. (citing Sabine Pilot, 687 S.W.2d at 735). Here, PLAINTIFFS allege that they were told not to report the illegal felonies of tampering with a corpse and tampering with governmental records which carries criminal penalties. They refused to engage in

the activity by complaining and reporting. They were discharged and the sole reason for the

discharge was the refusal to commit the unlawful act.

## Count 2: RETALIATION

An Employee Must Engage In A Protected Activity In Order To Establish A Retaliation

Claim Under Title VII. PLAINTIFFS allege a retaliation cause of action under Title VII of the

Civil Rights Act of 1964. The PLAINTIFFS allege that CORECIVIC discriminated against them

based on gender discrimination, sexual orientation, and sexual harassment. CORECIVIC allowed

this retaliation to occur on the basis of a protected activity because CORECIVIC was upset that

PLAINTIFFS wanted to report illegal activity within the facilities. CORECIVIC through agent

Rodriguez knew that **LETTY RIOS** was in a same sex relation and would criticize her and tell

her that she should leave her partner and engage in intercourse with a male. CORECIVIC

similarly retaliated against **XOCHITL SALINAS** by attempting to force her to engage in sexual

conduct. **SALINAS** also complained and was terminated. The PLAINTIFFS therefore engaged

in a protected activity, an adverse employment action occurred, and there is a causal connection

between the protected activity and the adverse employment action.

The prima facie elements of a Title VII retaliation claim are: (1) the plaintiff engaged in

"protected activity"; (2) an adverse employment action occurred; and (3) there was a causal

connection between the plaintiff's protected activity and the adverse employment action. Strong

v. 18 Ex. B., Hilgert Dep. at 318-19. 19 See Ex. A, Hilgert's New Complaint, at ¶¶ 46-55.

PLAINTIFFS allege that the creation of a hostile work environment was one of the means by

which CORECIVIC allegedly retaliated against them. Thus, the hostile work environment claim

is also an unlawful retaliation under Title VII. If the Plaintiff cannot establish a prima facie case

of retaliation, then the case fails as a matter of law. Harvill v. Westwood Comm., L.L.C., 433

F.3d 428, 439 (5th Cir. 2005). Here, PLAINTIFFS satisfied the initial prima facie burden

because they did in fact engage in a protected activity under Title VII. "Under Title VII, an employee has engaged in protected activity if [they] have 'opposed any practice made an unlawful employment practice under [Title VII]'" Turner v. Baylor Richardson Medical Center, 476 F. 3d 337, 348 (5th Cir. 2007); 42 U.S.C. § 2000e-3(a). To establish that they engaged in a protected activity, the employee must show that the held an objectively reasonable belief that the complained of conduct violated Title VII. See Turner, 476 F.3d at 348. If the belief is not objectively reasonable, then the employee has not engaged in protected activity, and his retaliation claim fails as a matter of law. As explained below, PLAINTIFFS' belief that they were opposing an unlawful practice under Title VII is objectively reasonable. Thus, they did engage in protected activity under Title VII and their Title VII retaliation claim is established as a matter of law.

## COUNT 3: WRONGFUL TERMINATION/RETALIATION/WHISTLE BLOWERS

PLAINTIFFS again hereby incorporate by reference each and every allegation previously made and asserts that CORECIVIC wrongfully, maliciously, and intentionally terminated PLAINTIFFS' employment because they were reporting and complaining about illegal activities that would risk CORECIVIC'S contract with the STATE OF TEXAS. PLAINTIFFS refused to commit an illegal act which includes but is not limited to tampering with a corpse and tampering with official governmental records by not staying quiet and reporting the illegal activity. Plaintiffs did report the illegal activity internally and then to a criminal investigatory agency that instructed them not to reveal the investigation or the names of the agents and were punished and terminated. CORECIVIC continues to falsify records and statements in order to cover their wrongful acts and they refuse to provide the video that proves that PLAINTIFFS always acted within policy. PLAINTIFFS now have the video in their possession that proves their case. PLAINTIFFS are considered as public servants in their employment by CORECIVIC since

CORECIVIC has a state contract to run a detention facility. When PLAINTIFFS were assaulted by an inmate, that inmate was charged with a double count of Assault on a Public Servant in cause number 20190D02146. As a result, PLAINTIFFS fall under the protection of the Whistleblowers Act since their duties were as agents for the State of Texas.

**COUNT 4: SEXUAL HARRASMENT AND HOSTILE WORK ENVIRONMENT**

PLAINTIFFS again hereby incorporate by reference each and every allegation previously made and assert that CORECIVIC wrongfully allowed a supervisor ROBERT RODRIGUEZ to commit SEXUAL HARRASMENT against both **PLAINTIFFS LETTY RIOS AND XOCHITL SALINAS** as a pattern of retaliation for previous refusal to commit a crime. When the violation was reported CORECIVIC allowed RODRIGUEZ to continue to supervise both and thereby created a HOSTILE WORK ENVIRONMENT that led to retaliation and termination. **SALINAS** filed a complaint for sexual harassment and gender discrimination since supervisor RODRIGUEZ and employee/AGENT of CORECIVIC kept harassing **SALINAS** sexually and told her that both the owner and him wanted to date her and that there would be work benefits as a result. Salinas experienced unwanted touching. These actions were uninvited, unwelcomed and made **SALINAS** feel threatened and unsafe.

**PLAINTIFF LETTY RIOS** also suffered sexual harassment and gender discrimination and reported her supervisor Robert Rodriguez. RODRIGUEZ kept telling **RIOS** that it was too bad that she was married to a woman, that he wanted to perform sexual acts on her, and made her experience unwanted touching. These actions were uninvited, unwelcomed and made **RIOS** feel threatened and unsafe. **RIOS** reported the actions and RODRIGUEZ was nevertheless allowed to stay as her supervisor despite eyewitnesses that confirmed her statements. These actions by CORECIVIC created a hostile work environment. As a result CORECIVIC again retaliated against **RIOS** by making up facts and wrongfully terminating her position. The PLAINTIFFS

filed a complaint with the EEOC and the Right to Sue letter was issued hereby complying with all administrative prerequisites.

---

## DAMAGES

17.     As a result of the retaliation and wrongful termination of Plaintiffs as described above, Plaintiffs have suffered and continue to suffer from the following:

    a. Lost wages past and future,

    b. Mental anguish, past and future, and

    c. Other damages.

18.     Plaintiffs seek monetary relief of not more than $74,000.

### Theories of Liability

19. Direct Actor Liability. Hector Melchor and Robert Rodriguez engaged in tortious conduct on behalf of CORECIVIC. Therefore, Hector Melchor and Robert Rodriguez are jointly and severally liable with them because a corporate actor is personally liable for the tortious conduct even if committed while acting on behalf of the entity.

20. Respondent Superior/Vice-Principal. Hector Melchor and Robert Rodriguez are agents and were acting in the course and scope of their employment and agency with CORECIVIC at the time they engaged in tortious conduct. Therefore all of tem are jointly and severally liable.

## PRAYER

21.     WHEREFORE, PREMISES CONSIDERED, PLAINTIFFS pray the Court enter judgment in their favor against the defendants, jointly and/or severally where appropriate, for all relief requested herein or that are available under these facts and award Plaintiffs all such other further relief, both general and special, at law or in equity, to which they may be entitled.

Respectfully submitted,


SUBMITTED BY:

_Judith Salinas_
_Ruben Cotm_
_Letty L._

EL PASO, TEXAS 799 28

PH: (915) 383-6496

Certificate of Service

I, Letty Rios, Plaintiff pro se, do here by that on the 27 Day of April, 2020, a true and correct copy of the foregoing pleading was forwarded to the attorney for (Defendant) by via Email at the following address: jhawpe @ littler.com