IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **LETTY RIOS, XOCHITL SALINAS, and RUBEN CONTRERAS,** | § | |
| **Plaintiffs.** | § | |
| | § | |
| **v.** | § | **EP-20-CV-00037-KC** |
| | § | |
| **CORECIVIC, INC., HECTOR MELCHOR, and ROBERT RODRIGUEZ,** | § | |
| **Defendants.** | § | |

## <u>ORDER OF DISMISSAL AND MEMORANDUM OPINION</u>

On this day, the Court *sua sponte* considered the above-captioned cause.  After careful consideration of the record and the relevant case law, the Court dismisses this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the reasons herein.

## I.   PROCEDURAL BACKGROUND

This case concerns Plaintiffs Letty Rios, Xochitl Salinas, and Ruben Contreras' (collectively "Plaintiffs") allegations that their former employer, Defendant Corecivic, Inc. ("Defendant Corecivic"), improperly discharged them from its employ.  *See generally* Second Am. Compl., ECF No. 93, Nov. 6, 2020.

Defendant Corecivic runs a private immigration detention facility pursuant to a contract with the State of Texas. *Id.* ¶ 4. Defendant Corecivic formerly employed Plaintiffs as security guards. *Id.* ¶ 6. They contend that Defendant Corecivic improperly terminated them as retaliation for complaining to Defendant about ongoing sexual harassment and other behavior that Plaintiffs perceived as unlawful. *See generally id.* ¶¶ 7–14.

On October 28, 2019, Plaintiff Contreras filed a civil action against Defendant Corecivic in the 120th Judicial District Court of El Paso County, Texas. Notice of Removal 1, ECF No. 28, Feb. 7, 2020. On February 7, 2020, Defendant Corecivic removed the case to federal court based on diversity jurisdiction. *Id.* at 2–3.

On November 19, 2019, Plaintiffs Rios and Salinas filed a separate civil action against Defendant Corecivic in the 205th Judicial District Court of El Paso County, Texas. Notice of Removal 1, ECF No. 1, Feb. 7, 2020. On February 7, 2020, Defendant Corecivic removed the case to federal court based on diversity jurisdiction. *Id.* at 2–3.

Thereafter, the Court consolidated the cases, having determined that both cases share common questions of fact and law. *See* Order

2

Consolidating Cases 2, ECF No. 41, Apr. 13, 2020.  On April 27, 2020, Plaintiffs filed their "Amended Complaint" (ECF No. 52).  Therein, Plaintiffs joined Hector Melchor and Robert Rodriguez to this case and for the first time alleged that Defendant Corecivic had violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. ("Title VII").  *Id.* at 6.

On May 11, 2020, Defendant Corecivic filed its "Second Motion to Dismiss" (ECF No. 54).  Plaintiffs responded on November 30, 2020. *See* Pls.' Second Answer to Def.'s Second Mot. to Dismiss 1, ECF No. 101, Nov. 30, 2020.[1]

Thereafter, on February 24, 2021, Defendant Corecivic filed its "Motion to Compel Plaintiffs' Deposition or in the Alternative Dismiss" (ECF No. 124) ("Second Motion to Compel").[2]  Plaintiffs have not responded to this motion, and the time to respond expired on March 10, 2021.

---

[1] This motion is pending before the Court.

[2] This motion is pending before the Court.

On March 12, 2021, Defendant Corecivic filed its "Motion for Summary Judgment" (ECF No. 139). Plaintiffs have not responded to this motion, and the time to respond expired on March 26, 2021.[3]

## II.    LEGAL STANDARD

Rule 41(b) of the Federal Rules of Civil Procedure provides, in pertinent part, that "a defendant may move to dismiss the action" based on a plaintiff's "fail[ure] to . . . comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). Moreover, a court may *sua sponte* dismiss an action pursuant to its inherent power to "manage and administer their own affairs to ensure the orderly and expeditious disposition of cases." *Kuykendall v. Accord Healthcare, Inc. (In re Taxotere (Docetaxel) Prods. Liab. Litig.)*, 966 F.3d 351, 357 (5th Cir. 2020) (quoting, *inter alia*, *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962)).

Dismissal is appropriate "only upon a showing of a clear record of delay or contumacious conduct by the plaintiff,  . . .  and where lesser sanctions would not serve the best interest of justice." *Dorsey v. Scott Wetzel Servs.*, 84 F.3d 170, 171 (5th Cir. 1996) (quoting *Salinas v. Sun*

---

[3] This motion is pending before the Court.

*Oil Co.*, 819 F.2d 105, 106 (5th Cir.1987)). Moreover, the Fifth Circuit had repeatedly instructed courts to avoid dismissal unless an aggravating factor is present. These factors include: "(1) delay caused by the plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Berry v. CIGNARSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992); *but see Barrera v. BP, P.L.C. (In re Deepwater Horizon),* 907 F.3d 232, 235 n.1 (5th Cir. 2018) (noting that "aggravating factors are not required for a dismissal with prejudice.").

As involuntary dismissal "deprive[s] [a litigant] . . .of the opportunity to pursue his claim," involuntary dismissal of a case is a drastic remedy that is reserved for exceptional circumstances. *Berry*, 975 F.2d at 1191 (quoting *Callip v. Harris Cnty. Child Welfare Dept*., 757 F.2d 1513, 1519 (5th Cir.1985)). The bar for dismissal is exceptionally high in cases where, as here, dismissal of a claim will operate as a dismissal with prejudice. *See id.* ("Where further litigation of [a] claim will be time-barred, a dismissal without prejudice is no less severe a sanction than a dismissal with prejudice, and the same

standard of review is used.") (quoting *McGowan v. Faulkner Concrete Pipe Co.*, 659 F.2d 554, 556 (5th Cir.1981) (alteration in original)).[4]

## III.   ANALYSIS

Plaintiffs' claims against Defendant Corecivic have been pending in one forum or another since October 2019.  Over a year and a half after filing suit, Plaintiffs ask that the Court stay proceedings indefinitely and discovery remains uncompleted.  On the other hand, Defendant Corecivic is eager to have the present claims adjudicated and argues that Plaintiffs' refusal to engage in the litigation process warrants dismissal of their case.  Although dismissal is a drastic remedy, the Court is of the opinion that dismissal is warranted here. While Plaintiffs have the right to represent themselves in this case,

---

[4] Due to the lack of factual allegations within Plaintiffs' filings, the Court is unable to determine whether Plaintiffs will be time-barred from refiling.  In some cases, a plaintiff's failure to allege the facts that are necessary to determine whether the action was filed timely is sufficient grounds for dismissal pursuant to Rule 12(b)(6).  *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) (dismissing a Title VII action where the *pro se* plaintiff "failed to state a specific date upon which he received the right-to-sue letter").  Given that Plaintiffs' deficient pleadings preclude the Court from finding that further litigation of their claims will be time-barred, the Court assumes *arguendo* that dismissal of this case will operate as a dismissal with prejudice.

their status as *pro se* litigants does not excuse their repeated failures to comply with the Federal Rules of Civil Procedure and this Court's orders.  For the reasons below, the Court dismisses this case.[5]

## A.    Plaintiffs' Dilatory and Contumacious Behavior

The Court first considers whether the record reflects a pattern of delay or contumacious conduct by Plaintiffs.  *Dorsey*, 84 F.3d at 171.

### 1.    Plaintiffs Failed to File a Case Management Report

On February 7, 2020, Defendant Corecivic removed Plaintiffs' state court actions to federal court.  On February 10, 2020, three days after removal, the Court ordered Plaintiffs to "confer with Defendant [Corecivic] in order to jointly filed a proposed scheduling order . . . by

---

[5] Dismissal of the cause would likely be justified pursuant to Rule 37. Rule 37 empowers the Court to "dismissing the action or proceeding in whole or in part" when a party "fails to obey an order to provide or permit discovery," Fed. R. Civ. P. 37(a)(2)(A)(iii), or when a party "fails, after being served with proper notice, to appear for that person's deposition," Fed. R. Civ. P. 37(d)(1)(A)(i); *see also Kuykendall*, 966 F.3d at 358 (analyzing a court's authority to dismission an action "for discovery order violations").  Here, Plaintiffs failed to appear for their deposition despite having received proper notice and they also failed to obey the Court's order to complete discovery by March 19, 2021.  *See* discussion *infra* Sections III.A.5, III.A.6.  Nevertheless, the Court elects to consider whether dismissal is warranted pursuant to Rule 41(b), as Plaintiffs have been warned on multiple occasions about the possibility of dismissal pursuant to Rule 41(b).  *E.g.*, Order Amending Deadlines 2–3, ECF No. 19, Mar. 27, 2020 (citing Rule 41(b)); Second Mot. to Compel 6–7 (same).

**March 9, 2020**." Order Requiring Proposed Scheduling Order and Case Management Report 1, ECF No. 3, Feb. 10, 2020; Order Requiring Proposed Scheduling Order and Case Management Report 1, ECF No. 30, Feb. 10, 2020. [6] Additionally, the Court ordered Plaintiffs to confer with Defendant Corecivic in order to "**JOINTLY FILE** the **CASE MANAGEMENT REPORT** . . . by no later than **March 9, 2020**." *Id.* The Court apprised Plaintiffs that the Case Management Report should be filed "separate and apart from the Proposed Scheduling Order" and informed Plaintiffs of their "responsibility . . . to assist in the preparation of the Scheduling Order and Case Management Report." *Id.* at 4.

On March 9, 2020, Defendant Corecivic filed its Case Management Reports. *See* Def.'s Case Management Report, ECF No. 10, Mar. 9, 2020; Def.'s Case Management Report, ECF No. 35, Mar. 9, 2020 (collectively "Defendant's Case Management Report"). [7] Therein,

---

[6] As the Court did not consolidate Plaintiff Contreras' cause with Plaintiff Rios and Salinas' cause until April 13, 2020, the preceding citation reflects that the same filing was entered in both cases. The filings are identical *mutatis mutandis*.

[7] *See supra* note 6.

Defendant Corecivic avers that it "attempt[ed] to jointly develop[]" the Case Management Report but that Plaintiffs "never contacted counsel for [Defendant Corecivic] and failed to respond to counsel for [Defendant Corecivic's] attempts to contact" them. *Id.* at 1 n.1.[8]  Based on Plaintiffs' failure to assist in developing a Case Management Report, the Court later issued its "Second Order Requiring Scheduling Order and Case Management Report" (ECF No. 74) on August 12, 2020, and "once again order[ed] that the parties confer." *Id.* at 1 n.1.

### 2.    Plaintiffs Failed to Replead Upon Removal

On February 7, 2020, Defendant Corecivic removed Plaintiffs' state court actions to federal court.  Three days after removal, the Court entered its Standing Order to Replead in Removed Cases.  *See* Standing Order to Replead in Removed Cases 1, ECF No. 2, Feb. 10, 2020; Standing Order to Replead in Removed Cases 1, ECF No. 29, Feb. 10,

---

[8] The record reflects that Plaintiffs received notice of this order. Defendant Corecivic attached documents indicating that each Plaintiff received Defendant Corecivic's letter attempting to develop the Case Management Report. *See* Def.'s Case Management Report, Ex. 1, at 2. Defendant Corecivic's letter also included a copy of the Court's Order Requiring Proposed Scheduling Order and Case Management Report. *Id.*

2020 (collectively "Standing Order").[9]  Therein, the Court ordered each Plaintiff to "replead by *separately* filing a complaint" within forty-five days of removal.  *Id.* at 1 (emphasis added).  Pursuant to the Standing Order, each Plaintiff was required to file an amended complaint by no later than March 23, 2020.

On March 3, 2020, the Court apprised Plaintiffs that they were expected to comply with the Standing Order.  Am. Order Requiring Pls. to Replead and File a Resp. 2, ECF No. 7, Mar. 3, 2020; Order Requiring Pl. to Replead and File a Resp. 2, ECF No. 3, Mar. 3, 2020.[10]  Nevertheless, Plaintiffs failed to comply with the Court's Standing Order.  Thus, on March 27, 2020, the Court ordered Plaintiffs Rios and Salinas to comply with the Standing Order "by no later than **April 9, 2020, at 5:00 p.m. Mountain Time"** and apprised that a failure to comply with this deadline may result in the Court dismissing the action pursuant to Rule 41(b).  Order Amending Deadlines 2–3, ECF No. 19, Mar. 27, 2020.

---

[9] *See supra* note 6.

[10] *See supra* note 6.

Plaintiffs did not comply with the Standing Order until April 27, 2020—more than one month after the original deadline to replead. *See* Am. Compl., ECF No. 27, Apr. 27, 2020. Along with repleading in an untimely manner, Plaintiffs also violated the Standing Order by jointly filing an amended complaint instead of each Plaintiff "separately fil[e] a complaint." Standing Order 1. Nevertheless, the Court accepted Plaintiffs' untimely amendment based on their *pro se* status. *See* Order Denying Mots. as Moot 2, ECF No. 65, July 13, 2020.

### 3. Plaintiffs' 74-Day Delay in Responding to Defendant's First Motion to Dismiss

On February 13, 2020, Defendant Corecivic filed its motions to dismiss pursuant to Rule 12(b)(6). *See* Mot. to Dismiss, ECF No. 4, Feb. 13, 2020; Mot. to Dismiss, ECF No. 31, Feb. 13, 2020 ("First Motion to Dismiss").[11] Pursuant to Local Rule CV-7(e)(2), Plaintiffs were afforded fourteen days to respond to the Motion to Dismiss and thus were required to respond by no later than February 27, 2020. Plaintiffs failed to respond by this date.

Thus, on March 3, 2020, the Court ordered Plaintiffs to respond to the Motion to Dismiss "by no later than **March 17, 2020**." *See* Am.

---

[11] *See supra* note 6.

Order Requiring Pls. to Replead and File a Resp. 2, ECF No. 7, Mar. 3, 2020; Order Requiring Pl. to Replead and File a Resp. 2, ECF No. 32, Mar. 3, 2020.[12]  Plaintiffs failed to respond to the Motion to Dismiss by March 17, 2020.  Thus on March 19, 2020, the Court *sua sponte* extended the deadline to respond, ordered Plaintiffs to respond "by no later than **March 31, 2020, at 5:00 p.m. Mountain Time,**" and apprised that a failure to comply with court orders may result in dismissal of the action pursuant to Rule 41(b).  *See* Order to Show Cause 2, ECF No. 13, Mar. 19, 2020; Order to Show Cause 2, ECF No. 38, Mar. 19, 2020.[13]  To ensure that each Plaintiff had notice of this directive, the Court ordered the Clerk of the Court to transmit copies of its orders to each Plaintiff via certified and regular mail.  *Id.*

Thereafter, the Court was apprised that Clerk's certified letters to Plaintiff Rios and Plaintiff Salinas were not delivered.  *See* Text Entry, ECF No. 24, Mar. 30, 2020 (indicating that the certified letter to Plaintiff Rios was "unclaimed" and returned); Text Entry, ECF No. 25, Apr. 3, 2020 (indicating that the certified letter to Plaintiff Salinas was

---

[12] *See supra* note 6.

[13] *See supra* note 6.

returned due to "insufficient address").  Accordingly, the Court *sua sponte* extended the deadline to respond to the motion to dismiss, ordered Plaintiff Salinas and Contreras to respond "**by no later than April 27, 2020, at 5:00 p.m. Mountain Time**," and ordered Plaintiff Rios to respond "**by no later than May 1, 2020, at 5:00 p.m. Mountain Time**."  Order 3–4, ECF No. 42, Apr. 14, 2020.  Additionally, the Court instructed, "**[e]ach Plaintiff [to] file his or her own response.**"  *Id.* at 3.

On April 27, 2020—approximately seventy-four days after Defendant filed its Motion to Dismiss—Plaintiffs filed their response.  *See* Pls.' Answer to Def.'s 12(b)(6) Mot. in the Alternative Mot. to Remand to State Ct., ECF No. 51, Apr. 27, 2020.  Along with delaying the proceedings, Plaintiff's joint Response violated the Court's directive that each Plaintiff file their own response.

    4.    <u>Plaintiffs' 204-Day Delay in Responding to Defendant's Second Motion to Dismiss</u>

Concurrent with the filing of their response, Plaintiffs filed their "First Amended Complaint" (ECF No. 52) on April 27, 2020.  Thereafter, Defendant Corecivic filed a renewed motion to dismiss.  *See* Def.'s Mot. to Dismiss and Supp. Br., ECF No. 54, May 11, 2020

("Second Motion to Dismiss"). Accordingly, the Court dismissed Defendant Corecivic's First Motion to Dismiss as moot. Order Denying Mots. as Moot 3, ECF No. 65, July 13, 2020.

As Defendant Corecivic filed its Second Motion to Dismiss on May 11, 2020, Plaintiffs' response was due no later than May 28, 2020. *See* Local Rule CV-7(e). Plaintiffs did not file a response by this date.

Instead, Plaintiffs elected to file their "Motion for Sanctions" (ECF No. 60) on May 20, 2020. Therein, they accused counsel for Defendant Corecivic—Attorney Jeremy Hawpe ("Defense Counsel")—of engaging in unethical behavior. *See id.* at 1–2. On October 23, 2020, the Court denied Plaintiffs' Motion for Sanctions. *See* Order Denying Mot. for Sanctions, ECF No. 86, Oct. 23, 2020. The Court concluded that "many if not all of Plaintiffs' grounds for sanctions [were] without merit and did not come near the level of plausibility required to justify sanctions." *Id.* at 18. The Court warned Plaintiffs "that any future assertions— especially those as serious as in the [Motion for Sanctions]—require factual and/or legal substantiation" and stated that it would not allow Plaintiffs to "clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets," regardless of their *pro se*

status.  *Id.* (quoting *Farguson v. MBank Hous., N.A.*, 808 F.2d 358, 359

(5th Cir. 1986)).  Finally, the Court apprised Plaintiffs that the deadline

to respond to the Second Motion to Dismiss had passed but that it

would consider an untimely response provided it was filed by November

6, 2020.  *Id.* at 19.

On November 6, 2020, Plaintiffs filed their "Second Answer to

Defendant's Second 12(b)(6) Motion" (ECF No. 94).[14]  Therein, Plaintiffs

alleged that they had not responded to the Second Motion to Dismiss

because they had never received a copy of this filing.  *Id.* at 1.[15]

Plaintiffs further claimed that they mistakenly believed that the Second

---

[14] Although Plaintiffs' titled their filing as a "Answer" to the Second
Motion to Dismiss, the response did not address the substance of the
motion.  Even though the Court had ordered a substantive response by
November 6, 2020, the Court construed Plaintiffs' response as a motion
for an extension of time to file a response, which it granted in light of
their *pro se* status.  *See* Order and Advisory to Parties 2, ECF No. 95,
Nov. 12, 2020.

[15] Defendant Corecivic included a Certificate of Service with the Second
Motion to Dismiss wherein Defense Counsel attests that he served each
Plaintiff with a copy of the motion.  Second Mot. to Dismiss 10.  The
Court notes that the Certificate of Service correctly recites the address
for each Plaintiff and further notes that Plaintiffs did not include any
affidavits or documentation to support their contention that they did
not receive the Second Motion to Dismiss.  This is one of many
instances where Plaintiffs have claimed, without substantiation, that
they were not provided with filings in this case.  *See supra*, Part III.B.

Motion to Dismiss was not pending because (1) the Court had mooted the First Motion to Dismiss and (2) the Court had directed the parties "to produce a scheduling order." *Id.* Accordingly, on November 12, 2020, the Court granted Plaintiffs leave to respond to the Second Motion to Dismiss by no later than November 27, 2020. Order and Advisory to Parties 2, ECF No. 95, Nov. 12, 2020. Additionally, the Court instructed Defendant Corecivic to serve Plaintiffs with all subsequent pleadings by certified and regular mail. *Id.*

On November 30, 2020—approximately 203 days after Defendant filed its Second Motion to Dismiss—Plaintiffs filed their response. *See* Pls.' Second Answer to Def.'s Mot. to Dismiss 1, ECF No. 101, Nov. 20, 2020.

### 5.    Plaintiffs' Refusal to Participate in Discovery

On September 23, 2020, the Court entered its "Scheduling Order" (ECF No. 78). Therein, the Court ordered that all discovery must be completed by February 8, 2021. *Id.* at 3. Plaintiffs and Defendant Corecivic jointly suggested this date as the deadline for discovery. *See*

Proposed Scheduling Order 2, ECF No. 77, Sept. 14, 2020.[16]

On February 9, 2021, Plaintiff Rios filed a letter wherein she asked the Court to delay indefinitely the deadlines set forth in the Scheduling Order. Correspondence to the Court 1, ECF No. 118, Feb. 8, 2021. In support thereof, Plaintiffs cited the COVID-19 pandemic and their concomitant inability to "access the Law Library." *Id.* However, Plaintiff did not: (1) indicate whether they had requested Defendant Corecivic's leave to amend the discovery deadline, (2) explain how the pandemic prevented them from prosecuting the case, or (3) otherwise explain why they were unable to meet the very deadline that they had suggested in September when the pandemic was entering its seventh month. *See id.*

On February 11, 2021—two days after the discovery deadline—Defendant Corecivic filed its "Motion to Compel Discovery Responses From Plaintiffs" (ECF No. 177) ("First Motion to Compel"), requesting judicial intervention to compel Plaintiffs to respond to Defendant Corecivic's requests for written discovery. *Id.* at 2. Therein, Defendant

---

[16]Pursuant to the Scheduling Order, the discovery deadline could be amended without leave from the Court provided that both all parties "mutually agreed" to the amendment. Scheduling Order 1.

Corecivic apprised the Court that Plaintiffs had refused to respond to a request for written discovery that it had propounded on December 7, 2020, and that Plaintiffs had not requested an amendment to the discovery deadline. *Id.* at 2–4. Defendant Corecivic attached, *inter alia*, an affidavit and various mailing receipts indicating that Defendant Corecivic had sent their discovery to Plaintiffs via certified mail, regular mail, and email on at least two separate occasions. *See, e.g., id.* Ex. 1, at 2–3; *id.* Ex. 1.B, at 2; *id.* Ex. 1.C, at 2–4; *id.* Ex. 3, at 2.[17]

On September 19, 2021—having afforded Plaintiffs time to respond—the Court entered its "Order Granting Plaintiffs' Motion to Continue and Defendant's Motion to Compel Discovery Responses" (ECF No. 119). Therein, the Court construed Plaintiff Rios' letter to the Court as a timely motion to amend the Scheduling Order based on Plaintiffs' *pro se* status and ordered Plaintiffs to respond to the discovery requests by no later than March 12, 2021. *Id.* 1–2. The Court

---

[17] The documents attached to the First Motion to Compel indicate that Plaintiff Rios and Plaintiff Contreras claimed that they did not receive the discovery requests that were sent via certified mail, regular mail, and email on December 7, 2020. First Mot. to Compel Ex. 3, at 2. However, the mailing receipts bely this contention. *See id*. Ex. 1, at 2–4; *id.* Ex. 1E, at 2. In any case, Plaintiff Salinas had actual notice of the discovery responses as of December 21, 2020. *See id.* Ex. 1, at ¶ 7;

admonished Plaintiffs that no additional extensions to the discovery-deadline would be provided.  *Id.* at 2.

Thereafter, on September 24, 2021, Defendant Corecivic filed its "Motion to Compel Plaintiffs' Depositions or in the Alternative Dismiss" (ECF No. 124) ("Second Motion to Compel").  Therein, Defendant Corecivic apprised the Court that Plaintiffs' had refused to appear for their depositions and announced their refusal to participate less than three days before they were supposed to occur.  *Id.* at 4.  Defendant Corecivic explained that the depositions dates had been scheduled a month earlier based on dates that Plaintiffs had provided.  *Id.* at 3. Defendant Corecivic also outlined its multiple attempts over a month and a half to confirm Plaintiffs' availability for the scheduled dates. Based on Plaintiffs' *pro se* status, Defendant Corecivic explained that it had "opted not to go through the steps of getting a certificate of nonappearance and waste further resources" *Id.* at 4.  However, after Plaintiffs refused to provide "alternative dates of availability," Defendant Corecivic determined that judicial intervention was necessary to secure "Plaintiffs' cooperation to participate in their own lawsuit."  *Id.* at 2.  In the alternative, Defendant Corecivic requested

that the Court dismiss of the case pursuant to Rule 41(b).  *Id.*
Defendant Corecivic's Second Motion to Compel remains pending before
the Court, Plaintiffs have not responded, and the deadline to respond
has lapsed.

6.    <u>Plaintiffs' 227-Day Delay in Serving the Individual
Defendants</u>

On March 5, 2021, the Court issued its "Order to Show Cause"
(ECF No. 131).  Therein, the Court apprised Plaintiffs that they had
failed to serve Defendant Robert Rodriguez and Defendant Hector
Melchor ("Individual Defendants") as required by Rule 4 of the Federal
Rules of Civil Procedure and that the time to effectuate service had
expired on July 27, 2020—221 days before the entry of the order.  *Id.* at
2.  The Court, therefore, ordered Plaintiffs to show good cause by March
15, 2021, as to why their claims against Individual Defendants should
not be dismissed.  *Id.* at 2–3.

On March 15, 2021, Plaintiffs filed their "Answer to Judge's Order
to Show Cause" (ECF No. 146), wherein they apprised the Court that
they had served Individual Defendants on March 11, 2021.  Plaintiffs
stated that "[a]ny delay in service is part of the ongoing Pandemic," that
they had previously contracted COVID-19, and that the "law library

20

was closed to the public, which . . . prevented us from being able to properly inform ourselves." *Id.* at 1–2.

The Court is of the opinion that Plaintiffs have failed to show good cause justifying their failure to serve the Individual Defendants. The Court first notes that Plaintiffs requested summons and served the Individual Defendants without receiving leave from the Court. Moreover, Plaintiffs' response fails to explain how the pandemic prevented them from serving them in a timely manner; it falls well short of the "good cause" standard countenanced by Rule 4(m). *Cf. Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013) ("Proof of good cause requires at least as much as would be required to show excusable neglect . . . [and] some showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified is normally required.") (quotations omitted). Indeed, there is no indication that Plaintiffs intended to serve them until the Court issued its Order to Show Cause. This is another instance where Plaintiffs have inexcusably delayed these proceedings.

While the Court is mindful that Plaintiffs are *pro se*, "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hosp.*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (quoting *Hulsey v. State*, 929 F.2d 168, 171 (5th Cir. 1991); *see also Thrasher*, 709 F.3d at 512 ("A litigant's *pro se* status neither excuses his failure to effect service nor excuses him for lack of knowledge of the Rules of Civil Procedure.") (quotations omitted).

Here, Plaintiffs have failed to show how their "unfamiliarity with [the] rules" justified their protracted delay in serving Defendant Robert Rodriguez and Defendant Hector Melchor. *Thrasher*, 709 F.3d at 511 (quoting *Newby v. Enron Corp.*, 284 F. App'x 146, 149 (5th Cir. 2008)).

7.    Plaintiffs' Failure to Respond to a Court Order

Finally, on March 5, 2021, the Court entered issued its "Order for Plaintiff Rios to Provide a More Definite Statement" (ECF No 130), directing Plaintiff Rios to "**FILE A WRITTEN RESPONSE**" indicating the date of receipt for her Right to Sue letter from the EEOC "by no later than **March 15, 2021, by 5:00 p.m. Mountain Time.**" *Id.* at 2 (emphasis in original).  The Court issued this order, having determined

that Plaintiffs' Amended Complaint failed to allege that Plaintiff Rios has satisfied the procedural prerequisites for a Title VII claim.  *Id.* at 2.

However, Plaintiff Rios did not comply with this directive.  Indeed, as of this Order's date, Plaintiff Rios had not indicated when she received the Right to Sue letter, which is necessary for determining whether her state court action was timely filed.  *See Taylor*, 296 F.3d at 379.

### B.    Lesser Sanctions Will Not Suffice

Having found a clear record of delay and contumacious behavior, the Court next considers whether "lesser sanctions" are appropriate. *Dorsey*, 84 F.3d at 171.  After careful consideration, the Court is of the opinion any sanction short of dismissal would be inappropriate here.

As dismissal of an action is disfavored, the Fifth Circuit has repeatedly instructed trial court contemplating dismissal first to consider whether lesser sanctions would "serve the interests of justice." *In re Deepwater Horizon*, 907 F.3d at 236.  "Lesser sanctions include assessments of fines, costs, or damages against the plaintiff . . . conditional dismissal, dismissal without prejudice, and explicit warnings."  *Id.* (cleaned up) (quoting *Thrasher*, 709 F.3d at 514).

First, the Court is of the opinion that providing Plaintiffs with additional warnings and opportunities would be futile. In the present case, the Court has excused Plaintiffs' behavior on multiple occasions and had repeatedly admonished Plaintiffs about the need to comply with court orders and the Federal Rules of Civil Procedure. As set forth above, Plaintiffs have unreasonably delayed the proceedings on no less than seven different occasions and have failed to advance their case in any meaningful way. At each turn, the Court has apprised Plaintiffs of their responsibility to the Court and has excused Plaintiffs' behavior.

These explicit warnings have failed to deter Plaintiffs, as illustrated most recently by Plaintiff Rios' refusal to respond to the Court's Order for Plaintiff Rios to Provide a More Definite Statement. Moreover, Defendant Corecivic has also provided Plaintiffs with notice that refusing to engage in discovery might warrant dismissal pursuant to Rule 41(b). *See* Second Mot. to Compel 6–7. Plaintiffs have not opposed Defendant's request for dismissal and have not offered "any explanation for [thei]r refusal to participate in the properly noticed deposition[s]." *Woods v. Chief of Police*, No. 3-08-0042, 2009 U.S. Dist. LEXIS 22684, at *5 (S.D. Tex. Mar. 20, 2009). Plaintiffs have even

24

failed to respond to written discovery requests and now wish to halt this case entirely.  Thus, the Court determines that it would be futile to provide Plaintiffs another warning about their behavior.[18]

Second, the Court finds that monetary sanctions would not serve the interests of justice.  As *pro se* litigants, Plaintiffs would be personally responsible for any costs or fines that are assessed.  Indeed, Plaintiffs have represented that the pandemic has put them under considerable financial strain.  *See* Correspondence to the Court, ECF No. 118, Feb. 9, 2021.  Consequently, the Court finds that imposing monetary costs on Plaintiffs would not serve the interests of justice in the present case.

---

[18] Throughout these proceedings, Plaintiffs have claimed—without any documentary or evidentiary support—that they have not received filings as an excuse for their behavior.  However, Defendant Corecivic has provided documents and an affidavit suggesting that Plaintiffs have received the relevant filings, and the record in the case reflects that no less than ten  filings, which were transmitted via certified mail, were returned because they were never claimed.  *See* Text Entry, ECF No. 24, Mar. 30, 2020; Text Entry, ECF No. 40, Mar. 30, 2020; Text Entry, ECF No. 46, Apr. 16, 2020; Text Entry, ECF No. 50, Apr. 20, 2020; Text Entry, ECF No. 59, June 14, 2020; Text Entry, ECF No. 71, July 20, 2020; ECF No. 72, July 20, 2020; Text Entry, ECF No. 102, Dec. 1, 2020; Text Entry, ECF No. 127, Mar. 1, 2021; Text Entry, ECF No. 145, Mar. 15, 2021.  Along with incurring unnecessary expenses in serving Plaintiffs, this behavior provides further reason to believe that a lesser sanction would not serve the interests of justice.

Although dismissing an action is a drastic remedy, the interests of justice do not favor a lesser penalty in this case. In similar contexts, the Fifth Circuit has affirmed the dismissal of *pro se* actions. *See, e.g.*, *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 443 (5th Cir. 2016) (affirming dismissal under Rule 41(b) where a *pro se* plaintiff violated court orders after receiving multiple warnings); *Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir. 1998) (holding that a court may *sua sponte* dismiss an action for failure to comply with a court order); *Bonaventure v. Butler*, 593 F.2d 625 (5th Cir. 1979) (affirming dismissal pursuant to Rule 37(b) for failure to appear at a second court-ordered scheduled deposition, even in light of the plaintiff's argument that he could not afford to appear).

## C.    Aggravating Factors Are Present

Finally, the Court considers whether aggravating factors are present in this case. *Berry*, 975 F.2d at 1191. In most cases where the Fifth Circuit has affirmed the dismissal of an action, the record reflects: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id.* (quotations omitted).

Here, it is clear that Plaintiffs' own conduct had delayed this case and prejudiced Defendant Corecivic.  Defendants contend that "Plaintiffs' continued failure to provide discovery hamper[ed]" its ability to defend itself,  Second Mot. to Compel. 6, and thus requests dismissal of the action.  Plaintiffs have not opposed this request or responded in any matter.  In any case, the record supports Defendant Corecivic's request.  By canceling the depositions three days before they were supposed to take place and by failing to engage in written discovery, Plaintiffs placed Defendant Corecivic in the unenviable position of having to rely on limited discovery to prepare its Motion for Summary Judgment, a motion to which Plaintiffs have not even bothered to respond.[19]

---

[19] Rather than respond to Defendant Corecivic's Motion for Summary Judgment, Plaintiffs instead elected to file its "Motion to Stay Proceedings and in the Alternative Motion to Remand to State Court" (ECF No. 147) on March 26, 2021.  The Court cannot discern Plaintiffs' basis for requesting a remand or why they did not move for this relief until one year after their case was removed from state court.  In any case, Plaintiffs have asserted a claim under Title VII—a federal statute—in their First and Second Amended Complaint and thus it is clear that the Court has jurisdiction pursuant to 28 U.S.C. § 1331.  Additionally, Plaintiffs request an indefinite stay based on the COVID-19 pandemic.  The Court is mindful of this unprecedented public health crisis and for that reason had afforded Plaintiffs multiple extensions on this basis.  However, Plaintiffs have not explained why they are unable

Furthermore, Plaintiffs' behavior has caused Defendant Corecivic to incur unnecessary costs in defending this action. Along with bearing the cancellation costs arising from Plaintiffs' refusal to attend the depositions, Defendant Corecivic has been forced to make multiple filings that are divorced from the merits of Plaintiffs' case. First, Plaintiffs filed a Motion for Sanctions totaling less than half a page where they accused Defense Counsel of unethical behavior and of misrepresenting the facts to the Court. Plaintiffs did not include any support for these allegations and, consequently, the Court denied the motion and admonished Plaintiffs to cease making allegations that lack factual or legal support.

---

to meet the deadlines that they themselves suggested back in September, at which time the pandemic was in full swing and public libraries were closed with no immediate prospect of reopening. Indeed, Plaintiffs attached Chief Judge Garcia's order regarding the pandemic, which confirm that the pandemic does not require staying this case indefinitely: "This Order does not impact any court's consideration of particular matters on the pleadings alone." Pls.' Mot. to Stay Proceedings and in the Alternative Mot. to Remand to State Court Ex. 1, at 2 ¶ 6. Plaintiffs' latest motion lacks merit and is not an acceptable response to the Motion for Summary Judgment. Moreover, the Court is sensitive to the prejudice that an indefinite stay would have on Defendant Corecivic, who has complied with all the Court's deadlines and is eager to have these claims adjudicated.

Nevertheless, Plaintiffs' accusations caused Defendant Corecivic, and, indeed the Court, to invest time and resources into investigating these serious allegations.  Even after being warned about this, Plaintiffs have continued to accuse Defense Counsel of misconduct.  *E.g.*, Correspondence to the Court 1, ECF No. 123, Feb. 22, 2021 (accusing Defense Counsel of dishonesty); Correspondence to the Court 1, ECF No. 124, Feb. 22, 2021 (accusing Defense Counsel of harassment and dishonesty); Correspondence to the Court 1, ECF No. 126, Feb. 23, 2021 (same).

Finally, the Court notes that Plaintiffs recently served the Individual Defendants, even though the deadline to serve them passed on July 27, 2020, and the deadline to complete discovery passed on March 19, 2020.  Allowing Plaintiffs to pursue their claims against the Individual Defendants would cause them considerable prejudice.

While the Court is mindful that Plaintiffs have chosen to represent themselves, it bears repeating that "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law."  *Wright*, 754 F. App'x at 300 (quoting *Hulsey*, 929 F.2d at 171).  Indeed, Plaintiffs have been warned

29

that they are not entitled to "clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets," regardless of their *pro se* status.  Order Denying Mot. for Sanctions 18 (quoting *Farguson*, 808 F.2d at 359).  In light of Plaintiffs' inexplicable failure to heed these warnings, the Court dismisses this action.

## IV.    CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Defendant Corecivic, Inc.'s "Motion to Compel Plaintiffs' Depositions or in the Alternative Dismiss" (ECF No. 124), filed on February 24, 2021, is **GRANTED IN PART** and **DENIED IN PART.**

**IT IS FURTHER ORDERED** that because of Plaintiffs Letty Rios', Xochitl Salinas', and Ruben Contreras' behavior in this case, including their disregard for orders of the Court, their apparent lack of interest in advancing their claims, and their failure to cooperate with opposing counsel, the case is **DISMISSED WITH PREJUDICE** in its entirety**.**

**IT IS FURTHER ORDERED** that all pending motions are **DENIED** as moot.

**The Clerk shall CLOSE the case.**

SO ORDERED.

SIGNED this 26th day of March, 2021.

KATHLEEN  CARDONE
UNITED STATES DISTRICT JUDGE